# Hottenstein's Appeal.

1. The report of an auditor in the Orphans' Court, has the weight of a verdict of a jury, and is not to be set aside on a question of fact, except upon grounds that would justify the court in granting a new trial in proceedings, according to the course of the common law.

2. When an auditor's report, on a matter of fact, is set aside in the Orphans' Court, the court may draw to itself the decision, without referring it a second time to an auditor.

3. A person having a *chose in action* cannot, by any sale of his claim, or by any other means whatever, make himself a competent witness to support it.

4. The payment of a claim by an executor, can have no greater effect than that of purchasing a claim and making it his own, in relation to qualifying the vendor as a witness to support it.

5. The payment of a claim by an executor, after he knew it was disputed, and while the litigation was pending, was a breach of trust.

APPEAL from the decree of the Orphans' Court of *Berks county.*

The facts sufficiently appear in the opinion of the court, delivered July 24, 1854, by

LEWIS, J.—The report of an auditor in the Orphans' Court, has the weight of a verdict of a jury, and is not to be set aside on a question of fact, except upon grounds which would justify the court in granting a new trial in proceedings according to the course of the common law. There is this difference, however: in the latter case the question is submitted to another jury; in the former, the court may draw to itself the decision, without referring it a second time to an auditor. In the one case, the action of the court is not subject to revision; in the other, it is. The present case comes before us, on appeal from the decree of the court, setting aside a portion of the auditor's report.

A claim was made before the auditor, on behalf of David H. Hottenstein, the son of the executor; and the auditor did not think that the party making the demand, as a creditor of the decedent, was a competent witness to prove his demand. In this we think he was right. The auditor, upon the other evidence in support of the claim, decided against it. In this we think there is no such evidence of clear mistake of fact or law, as to justify the court in setting his decision aside. But it is not to be presumed, from the facts appearing upon this record, that the Orphans' Court reversed the decision of the auditor, upon the ground that he decided erroneously on the evidence received by him. On the contrary, we see that upon exceptions being filed to the report, for the reason that the auditor had not allowed the executor credit for the amount claimed by David H. Hottenstein, the court appointed a commissioner to take the deposition of the latter on ten days' notice; it was then agreed that his testimony, taken before the auditor, should be considered as if taken before the commissioner; it was further agreed, that as the executor had paid David H. Hottenstein the balance of his claim in full, since the auditor rejected his evidence, his testimony should now be considered as if given since that payment. Under these circumstances, the presumption is, that the decision of the court was founded upon the new aspect of the case, as presented by means of the payment of David's claim, and the introduction of his testimony to support it. The decisions have settled this question in proceedings at law. David H. Hottenstein could not, by any sale of his claim, or by any other means, make himself a competent witness to support it.

The payment by the executor can have no greater effect than

that of purchasing the demand, and thus making it his own. But the payment of the demand, after the executor knew that it was disputed, and while the litigation was pending, was a breach of trust.  He had no right to interpose in this way, while the case was pending before the Orphans' Court.  That court fell into an error in receiving the testimony of David H. Hottenstein in support of his claim; or if not received, there was error in allowing the claim without it.  It is ordered that the decree of the Orphans' Court be reversed; and it is further ordered, that the report of the auditor be confirmed, and that distribution be made accordingly.